PER CURIAM.
We affirm that portion of the order of the judge of compensation claims (JCC) which finds that appellee Dorothy Buerke suffered an exposure to natural gas on April 14, 1992, while employed by appellant as a school teacher. The record contains competent substantial evidence to indicate that Mrs. Buerke’s admission to Manatee Memorial Hospital on April 14, 1992, and her subsequent treatment through and including April 24, 1992, are related to symptoms that were attributed by her physician, Dr. Estevez, to the exposure. Accordingly, we also affirm that portion of the order requiring appellant to pay for such treatment until April 24, 1992. Dr. Estevez testified, however, that treatment after April 24 was not associated with the gas exposure. Also, the prescription of a blood thinner after that date was related by the doctor solely to Mrs. Buerke’s underlying vascular deficiency, rather than to any lingering effects of an industrial accident. For these reasons, any portions of the *811 order on appeal which require appellant to make payment or reimbursement for medical treatment and prescriptions after April 24, 1992, must be reversed. Similarly, the authorization of Dr. Estevez to provide remedial medical care and attention in the future must be reversed, since the record contains no evidence indicative of a work-related component to Mrs. Buerke’s need for such future medical care.
AFFIRMED in part; REVERSED in part.
BOOTH, JOANOS and KAHN, JJ., concur.